UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEJANDRO GONZALEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LOSHEAT.TV LLC, a Puerto Rico limited liability company, DIANA MONTES RAMIREZ, an individual, MARKETING & PR LLC, a Puerto Rico limited liability company, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 24-1151 (PAD) <br><br> **(1) BREACH OF CONTRACT;** <br> **(2) FRAUD IN THE INDUCEMENT;** *and* <br> **(3) UNJUST ENRICHMENT** <br><br> **DEMAND FOR JURY TRIAL** |

# FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff ALEJANDRO GONZALEZ ("**Gonzalez**" or "**Plaintiff**"), by and through his undersigned counsel, hereby sues defendants LOSHEAT.TV LLC ("**LosHeat**"), DIANA MONTES RAMIREZ ("**Montes**"), Marketing & PR LLC ("**M&PR**"), and DOES 1 through 20, inclusive (individually and collectively, "**Defendants**"), and in support thereof states as follows:

## INTRODUCTION

Plaintiff files this Amended Complaint as of right because Defendants have not filed a responsive pleading in this case. Federal Rule of Civil Procedure 15(a)(1)(B).

## THE PARTIES

1. Plaintiff Alejandro Gonzalez is an individual residing in Miami-Dade County, Florida.

2. Upon information and belief, Defendant LosHeat is a limited liability company organized and existing under the laws of Puerto Rico, with its principal place of business in San Lorenzo, Puerto Rico.

3. Ms. Montes is the authorized person for LosHeat.

4. M&PR is the administrator for LosHeat.

5. Upon information and belief, Defendant Montes is an individual residing in the Dominican Republic.

6. Upon information and belief, Defendant M&PR is a limited liability company organized and existing under the laws of Puerto Rico, with its principal place of business in Ciudad Jardin Calle Verdolaga #82, Gurabo, Puerto Rico 00778.

7. Ms. Montes is the President, Secretary, Vice President, Treasurer, and resident agent of M&PR.

8. Plaintiff is informed and believes that Defendant LosHeat is, and at all times mentioned herein was, a mere shell without sufficient capital and assets and conceived, intended, and used by Defendants Montes and M&PR as a device to avoid liability.

9. Specifically, upon information and belief, LosHeat is the "alter ego" of Montes and M&PR and there exists, and at all times mentioned herein existed, a unity of interest and ownership between Defendants LosHeat, on the one hand, and Montes and M&PR, on the other hand, such that any individuality and separateness has ceased and further such that Montes controls or controlled the business and activities of LosHeat.

10. Defendant Los Heat was and remains a mere shell, instrumentality and conduit through which Montes and M&PR carried and carries on business in the corporate name, exactly as they would have had there been no corporate entity at all, exercising complete control and dominance over such business to the point where any individuality or separateness does not, and at all times herein mentioned, did not, exist.

11. In addition, upon information and belief, Montes and M&PR further comingled and continue to comingle their personal assets with Los Heat, controlled and continues to control its finances in their entirety, treated and treat its assets as their own,

and further engaged and engage in such zealous controlling conduct towards LosHeat that such entity was and remains nothing more than a mere instrumentality of Montes and M&PR.

12. Upon information and belief, Defendant LosHeat is unable to satisfy any judgment against it.

13. Adherence to the fiction of the separate existence of LosHeat as an entity separate and distinct from Montes and M&PR would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that Montes and M&PR might escape liability for the causes of action set out herein.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants acted in concert and conspired with or aided and abetted each other to do the acts complained of in this Complaint.

15. Further, Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, all Defendants acted as an agent for the other, and, as such, were at all times mentioned herein acting within the course and scope of such agency.

16. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendant Does 1 through 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants were a legal cause of the resulting injury and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL CLAIMS

19. On or about March 16, 2023, Plaintiff and the Defendant LosHeat entered into a loan agreement wherein Plaintiff agreed to loan the Defendant LosHeat $300,000, and Defendant Los Heat agreed to repay this amount plus interest at a rate of 2.5% per month by October 6, 2023 (the "**Loan Agreement**").

20. The Loan Agreement was memorialized via various written correspondence and Defendant LosHeat's acceptance was indicated by the provision of bank account details for the transaction.

21. Plaintiff fulfilled his obligation under the parties' Loan Agreement by paying the agreed amount to Defendant LosHeat.

22. Specifically, at Defendant Montes' express request, Plaintiff was directed to wire the Loan Agreement's principal amount of $300,000 to a bank account controlled by Defendant M&PR.

23. Despite repeated requests for repayment and the Defendants' assurances of Defendant LosHeat's intent to repay, Defendant Los Heat failed to fulfill its contractual obligations under the parties' Loan Agreement.

24. On or around February 12, 2024, Plaintiff sent both Defendants a notice of material breach and demand letter requesting Defendant LosHeat's immediate payment of all amounts owed pursuant to the Loan Agreement.

25. Plaintiff's demand letter provided Defendant Los Heat ten (10) business days to remedy its material breaches of the Loan Agreement.

26. Both original Defendants altogether failed to respond to Plaintiff's demand letter and Defendant LosHeat continued to fail and/or refuse to fulfill its obligations under the parties' Loan Agreement.

27.   As a result, Plaintiff has suffered damages including the principal amount, accrued interest, collection costs, legal fees, and consequential damages due to lost investment and business opportunities.

## COUNT I
## BREACH OF CONTRACT

28.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein.

29.   Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Loan Agreement.

30.   Defendant LosHeat materially breached the Loan Agreement by failing to repay the loan amount and accrued interest as agreed.

31.   As a direct and proximate result of the Defendant Los Heat's material breaches, Plaintiff has suffered damages in the amount of $340,000, which includes the principal, interest, collection costs, and legal fees.

## COUNT II
## FRAUD IN THE INDUCEMENT

32.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein.

33.   To induce Plaintiff to enter into and execute the Loan Agreement and agree to pay Defendant LosHeat substantial sums of money, Defendants made material misrepresentations and false assurances to Plaintiff, including, without limitation, the promise that Defendant Los Heat would honor the terms of the Loan Agreement and repay the loan amount and accrued interest as agreed.

34.   The foregoing representations were false when made and the foregoing material omissions were willfully concealed.

35.   Defendants' misrepresentations and false assurances, along with their material omissions, were deliberately designed to induce and entice Plaintiff, at Plaintiff's significant detriment and expense, to transfer significant sums of money to Defendant Los

Heat.

36. At all times relevant, Defendants knew that Plaintiff was relying upon Defendants' foregoing misrepresentations in agreeing to transfer significant sums of monies to Defendant LosHeat.

37. At the time Defendants made the foregoing material representations and promises to Plaintiff, such representations and promises were false and, in addition, Defendant Los Heat had no intention of fully performing under the terms of the parties' Loan Agreement, and knew that all such representations were false when made.

38. Defendants made such representations pertaining to promising future action with no intention of performing or with a positive intention of not performing on such promises.

39. Plaintiff acted in justifiable reliance upon Defendants' material misrepresentations, false promises, and false assurances as, at the time Defendants made such representations, Plaintiff did not know of the falsity of the representations and, in addition, was not aware of Defendant LosHeat's complete lack of intention to fully perform under the Loan Agreement, and could not, in the exercise of reasonable diligence, have discovered Defendants' positive intention of not performing.

40. As a direct and proximate result of Plaintiff's justifiable reliance upon Defendants' fraudulent misrepresentations, Plaintiff has suffered significant and extensive damages and financial injury.

41. Defendants deceived Plaintiff and induced him to deposit $300,000 into a bank account controlled by M&PR.

42. Plaintiffs asks this Court to order Defendants to disgorge this money, regardless as to which Defendant is currently in possession of it, finding each Defendant jointly and severally liable to Plaintiff for the repayment of the $340,000 plus interest and attorneys' fees for their temerity.

///

///

## COUNT III
## UNJUST ENRICHMENT

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein.

44. Plaintiff conferred a benefit upon Defendants when Plaintiff paid significant sums of money to Defendant LosHeat and/or M&PR pursuant to the Loan Agreement, all of which Defendants have retained in their entirety.

45. Defendants have knowledge of this benefit.

46. Defendants collected and retained this benefit and continue to retain this conferred monetary benefit.

47. Defendants have failed and refused, and continue to fail and refuse, to provide anything of value in exchange for the significant sums of money Defendants induced Plaintiff to transfer to Defendants.

48. Under the circumstances, it would be inequitable for Defendants to retain all such conferred monetary benefits, all of which are rightfully belonging to Plaintiff.

49. Defendants' failure to repay Plaintiff has directly and proximately damaged Plaintiff.

50. Defendants will be unjustly enriched if they are allowed to retain the benefits conferred upon them.

51. Similarly Plaintiff will be unjustly impoverished if he is deprived of this money without receiving the consideration for which he bargained.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of Judgment in its favor and against Defendants, jointly and severally, as follows:

1. For not less than $340,000.00;
2. For all actual, general, special, economic, incidental, and compensatory damages according to proof at trial, or as otherwise permitted by law;
3. For punitive damages;

4. For prejudgment and post-judgment interest on all damages, at the legal rate;

5. For costs of suit incurred herein;

6. For prejudgment interest; *and*

7. For all such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues in this action so triable.

DATED: May 24, 2024                    Respectfully Submitted,

**I HEREBY CERTIFY** that I have filed this pleading with the Court's ecf system, which system will notify all counsel of record.

BECKER VISSEPÓ, PSC


S/Jane Becker Whitaker
JANE BECKER WHITAKER
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel. (787) 945-2406 E-mail:
janebeckerwhitaker@gmail.com
jbw@beckervissepo.com